IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


J. MICHAEL MORRIS, TRUSTEE,

                Appellant,

v.                                          Case No. 6:15-cv-01227-JTM

CHRISTOPHER SHAWN REED and
JESSICA RAE REED,

                Appellees.


MEMORANDUM AND ORDER

This is an appeal from an order of the bankruptcy court. The sole issue concerns a personal property exemption claimed by the debtors, Christopher and Jessica Reed, based on their 2014 Kansas earned income tax credit (EIC). Bankruptcy Judge Dale L. Somers ruled that the debtors could validly claim the exemption.  The Trustee argued below, and continues to argue, that Kansas law does not allow the exemption because the debtors' EIC was not refunded to them, but was instead applied to reduce their 2014 income taxes.

Kansas law allows a bankruptcy debtor to exempt the debtor's "right to receive tax credits" under the State's EIC law. The Trustee contends the exemption applies only to the portion of an EIC that is refunded to the taxpayer. According to debtors' 2014 Kansas income tax returns, their EIC was applied in its entirely against the taxes they owed. But the debtors also had other credits, and when they received a refund they

claimed an exemption equal to their EIC credit. The Trustee maintains the exemption does not apply in these circumstances.

Although the Kansas exemption statute is not especially clear, the court concludes for the reasons set forth below that the Bankruptcy Court properly allowed the exemption.

### I. Background

The debtors filed a voluntary Chapter 7 bankruptcy petition on November 26, 2014. The personal property listed in their schedules included a 2014 Kansas earned income tax credit (EIC) in an unknown amount. Debtors also listed the 2014 Kansas EIC on a schedule for exempt property, citing K.S.A. § 60-2315 as the basis for the exemption.[1]

Section 60-2315 provides in part that "an individual debtor under the federal bankruptcy reform act of 1978 … may exempt the debtor's right to receive tax credits allowed pursuant to [K.S.A. 79-32,205]." K.S.A. § 60-2315.

Section 79-32,205(a) provides in part that "[t]here shall be allowed as a credit against the tax liability of a resident individual imposed under the Kansas income tax act an amount equal to [17%] of the amount of the earned income credit allowed against such taxpayer's federal income tax liability" for that year. Subsection (b) provides in part that "[i]f the amount of the credit allowed by subsection (a) exceeds the taxpayer's

---

[1] Federal bankruptcy law sometimes allows a debtor to invoke state law exemptions. *See* 11 U.S.C. § 522(b).

2

income tax liability imposed under the Kansas income tax act, such excess amount shall be refunded to the taxpayer."

Debtors' 2014 Kansas income tax return included the following information:

| [Line] | [Description] | [Amount] |
|--------|---------------|----------|
| 12. | TOTAL INCOME TAX | $653 |
| 16. | Earned Income Credit | $394 |
| 18. | Tax balance after credits | $259 |
| 21. | KS income tax withheld | $1181 |
| 24. | Refundable portion of EIC credit | $0 |
| 28. | Total refundable credits | $1181 |
| 34. | Overpayment | $922 |
| 42. | REFUND | $922 |

Form K-40, which is the official Kansas form for reporting individual income taxes, requires a taxpayer (at line 18) to apply any earned income credit against the total income tax owed before other refundable credits, including withheld wages, are applied. As a result, the debtors' entire EIC was credited against their outstanding tax balance, leaving no portion of the EIC refundable. After the EIC credit was applied, the debtors' credit for withheld wages was applied against the remaining tax balance, resulting in an overpayment of $922. Debtors accordingly received a $922 refund from the State of Kansas.

The Trustee filed a motion for turnover of property, asserting that none of the debtors' $922 Kansas refund was exempt.[2] The Trustee argued that the "right to receive

---

[2] Debtors also received a federal refund of $5,398, which included a federal EIC of $2,317. The Trustee conceded that the $2,317 federal EIC was exempt. The motion for turnover sought the estate's share of the remaining $3081 federal refund and the $922 state refund. Out of this total of $4,003, and based on the

tax credits" in K.S.A. § 60-2315 necessarily means the EIC is exempt only to the extent it is refunded to the taxpayer. Judge Somers denied the motion. Although he deemed the Trustee's argument plausible, he found the "right to receive" can "be read simply to mean the exemption is available to any debtor who qualifies for the credit." Dkt. 9-2 at 107.  The debtors "received" the credit, he concluded, by having it applied to their tax liability, and the refund was exempt to the extent it was increased by the amount of the EIC credit. *Id.*

The Trustee succinctly states in his brief why he believes this was error:

> The only way for the debtors here to "receive" the Kansas earned income credit was as part of their tax refund. However, under Official Form[] K-40, the credit was fully applied to taxes due before the refund was calculated. As such, they had no "right to receive" the credit, and there was nothing to exempt. The bankruptcy court erred in holding that the credit "indirectly" increased the refund, and could therefore still be exempted.

Dkt. 9 at 8.

## II. Discussion

It is probably fair to say that the exemption for a "debtor's right to receive tax credits" is not only ambiguous, but highly so. Depending on which word is emphasized, the provision could carry a multitude of meanings. It could be construed, as the Trustee suggests, to exempt only the portion of an EIC credit specifically designated as a refund by the debtor's State tax income return. The Trustee reaches this conclusion largely by emphasizing the word "receive" in K.S.A. §  60-2315, and by

---

debtors' petition date of November 26, 2014, the Trustee sought a 90.41095% (330/365ths) share of the remainder, or $3,619.15.  Dkt. 9-2 at 81.

asserting that a debtor cannot "receive" the EIC credit unless it is refunded. Although this argument is plausible, as the Bankruptcy Court noted, one might just as readily ask: What does it mean to "receive" a tax credit? In common usage, most people would say they "received" a tax credit when it was applied against (and reduced) the amount of taxes they owed. That is in keeping with a dictionary definition of "credit," which can be "a deduction from an amount otherwise due (a tax credit for dividends received)." Webster's Third New Int'l. Dictionary (1993).

It might be argued that because the EIC is a *refundable* tax credit (unlike some tax credits), and because an exemption statute is concerned only with property owned by the debtor, it must be assumed that the Kansas legislature intended to exempt only the portion of an EIC that is refunded to a debtor. But the statute's use of the phrase "*right to receive* [EIC] tax credits" could be construed to mean almost the exact opposite – *i.e.*, that the exemption exists only *up to the point* where the tax credit is refunded to the debtor or applied against his taxes. *See e.g., In re Dittmaier*, 806 F.3d 987, 990 (8th Cir. 2015) ("As a matter of law, the 'right to receive' terminates upon receipt.") (citation omitted); *In re Westby*, 473 B.R. 392, 421 (Bankr. D. Kan. 2012) (trustee argued the statute was ineffectual because it exempted the right to receive a credit but not a tax refund for the credit). The fact that the exemption applies to a debtor's "right to receive" a credit undermines the Trustee's argument that the exemption was only intended to apply to the extent the EIC is refunded to the debtor. *See also In re Montgomery*, 224 F.3d 1193, 1195 (10th Cir. 2000) (given that EICs are to be treated as tax refunds, and that contingent interests are to be included in the bankruptcy estate, a debtor's EIC for a tax

5

year is property of the estate regardless of whether the petition was filed prior to the end of the tax year).

One could also emphasize that § 60-2315 declares this exemption to be available for a tax credit "allowed pursuant to … K.S.A. § 79-32,205." Section 79-32,205 states that "there shall be allowed as a credit against the tax liability of a resident … an amount equal to 17%" of the federal earned income credit. §79-32,205(a). The statute thus "allows" an EIC as an offset to taxes, in addition to allowing a refund of any surplus above and beyond the taxpayer's liability. §79-32,205(b).

The foregoing are not the only possible variations on the statute, but they serve to illustrate the ambiguity of its language.  With the precise scope of the exemption somewhat obscure, the court finds it appropriate to apply (as did the bankruptcy judge) the principle of giving a liberal construction to exemption laws favoring wage earners. *See In re Murray*, 586 Fed. App'x 477, 481 (10th Cir. 2014) (citing *Miller v. Keeling*, 185 Kan. 623, 347 P.2d 424, 427 (1959) and *Williamson v. Murray (In re Murray)*, 506 B.R. 129, 133–34 (B.A.P. 10th Cir. 2014)).

Kansas Form K-40 reflects the taxpayer's income tax account with the State. Any credits to which the taxpayer is entitled, including an EIC, will be applied against the outstanding balance of taxes owed. On the Kansas form, the EIC must be applied first -- through no election of the taxpayer -- but this is merely the first step in a two-step process. All other credits must also be applied and will collectively reduce the outstanding tax balance, regardless of which credit is applied first. And if the collective amount of refundable credits exceeds the tax balance, the debtor will be entitled to a

refund of the surplus. In the context of the statutory exemption for an EIC, it makes no practical difference whether the EIC credit or the credit for withheld wages is applied first.[3] In either event, the amount of the refund would be exactly the same.

With the order of credits determined by the State's tax form, it makes little sense to deny the EIC exemption on the grounds that the debtor received a refund of a withholding credit rather than the EIC credit. The distinction suggested by the Trustee turns on nothing more than which accounting entry the State listed first. But refundable tax credits are interchangeable insofar as they affect a taxpayer's account balance. To single one tax credit out over another as the cause of a resulting surplus -- and to deny an EIC exemption intended by the Kansas legislature on that basis -- seems an arbitrary distinction.

Of course, a debtor can only claim a property exemption to the extent he retains a property interest, and application of the EIC credit against his taxes arguably deprives the debtor of any remaining property interest in that credit. But for the reasons noted above, it is fair to say that $394 of the debtors' state income tax refund is directly traceable to the debtors' Kansas EIC. Their income tax refund was increased by $394 over what it would have because they were entitled to the EIC. And again, whether Form K-40 considers this a refund of the EIC or of the withholding credit turns only on which entry the State recognizes first. While a narrow construction of the "right to

---

[3] Judge Somers inferred that Form K-40 might apply the EIC first because, unlike the Kansas withholding statute (§79-32,100), the EIC statute (§79-32,205) does not expressly provide that the State can offset the credit against all other income taxes owed by the taxpayer. *See* Doc. 9-2 at 10506. He nevertheless rejected any suggestion that the structure of Form K-40 reflected an intent on the part of the State to eliminate an EIC exemption that a taxpayer who takes bankruptcy might otherwise be able to claim.

receive" the EIC might limit debtors' exemption to the amount of the EIC declared to be a refund on Form K-40, that construction is not required by the language of K.S.A. § 60-2315 and would be contrary to the remedial purpose of the exemption statute.

As *In re Murray* noted, EICs are designed to help the working poor escape from poverty by supplementing their wages with a refundable tax credit. "[A]llowing trustees to seize an EIC and thereby deprive working families of tax refunds would be contrary to Kansas law's liberal construal of exemption statutes and would harm EIC recipients seeking the fresh start that bankruptcy laws aim to provide." *In re Murray*, 586 Fed. Appx. at 481. Under the circumstances of this case, the court concludes that the debtors were entitled to a $394 exemption under K.S.A. § 60-2315 and that the Trustee's motion for turnover of that sum was properly denied.

**IT IS THEREFORE ORDERED** this 22nd day of December, 2015, that the judgment of the Bankruptcy Court is AFFIRMED.

_____s/ J. Thomas Marten__
J. THOMAS MARTEN, JUDGE